UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER STEPHEN MYERS,　　　　　Case No. 1:18-cv-457
　　　　Petitioner,

　　　　　　　　　　　　　　　　　　　　Dlott, J.
vs.　　　　　　　　　　　　　　　　　　Bowman, M.J.

SHERIFF, CLERMONT　　　　　　　　　　**REPORT AND**
COUNTY JAIL,　　　　　　　　　　　　　**RECOMMENDATION**
　　　　Respondent.

On July 9, 2018, petitioner submitted a motion for leave to proceed *in forma pauperis* in connection with a petition for a writ of habeas corpus. (Doc. 1). On July 17, 2018, upon determining that petitioner has sufficient funds available to pay the filing fee in order to institute this action, the Court denied his motion and ordered that petitioner pay the full filing fee of $5.00 within thirty (30) days of the date of the Order. (Doc. 2). On July 30, 2018, the Court's order was returned to the Court marked "return to sender refused unable to forward." (Doc. 3).[1] On August 2, 2018, the undersigned ordered that the July 17, 2018 Order denying petitioner's motion for leave to proceed *in forma pauperis* and ordering that he pay the full filing fee within thirty (30) days be resent to petitioner. (Doc. 5). The mail was again returned to the Court marked "return to sender refused unable to forward" on August 28, 2018. (Doc. 6).

A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.,*

---

[1] The Court received a letter from petitioner inquiring about the status of his habeas corpus petition on August 2, 2018. (Doc. 4). The mailing address on the letter was from the Clermont County Jail, however as of this date, petitioner is not listed as being in custody at the Clermont County Jail on the jail's online roster. (viewed at https://clermontsheriff.org/jail-inmate-search/).

770 F.2d 811, 815 (9th Cir. 1985)).   District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962).   Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.   See Fed. R. Civ. P. 41(b).   Accordingly, this case should be dismissed for plaintiff's failure to supply the Court with a current address and for failure to comply with the Court's July 17, 2018 Order.   *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER STEPHEN MYERS,  
    Petitioner,

vs.

SHERIFF, CLERMONT
COUNTY JAIL,
    Respondent.

Case No. 1:18-cv-457

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).